IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE ANTONIO WEST, #293022  *
     Plaintiff,

  v.        *  CIVIL ACTION NO. RDB-05-2548

LAWRENCE B. ROSENBERG, P.A.  *
     Defendant.

        ******

## MEMORANDUM OPINION

This 42 U.S.C. § 1983 civil rights Complaint was received for filing on September 13, 2005. Plaintiff, who is currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland, seeks declaratory relief, the return of attorney fees, and compensatory and punitive damages, for Defendant's alleged unconstitutional actions.   (Paper No. 1).

Plaintiff claims that in 1998, he retained Lawrence Rosenberg to represent him in a criminal matter in the Circuit Court for Baltimore City.[1]  (*Id*.)   He complains that Rosenberg was paid a $3,500.00 retainer installment, but never showed up to represent him or to take any action on his behalf. (*Id*.).   Plaintiff asserts that when he appeared in court, Marc Minkove showed up as his attorney. (*Id*.). He claims that he was mistrustful of Mr. Minkove and is of the belief that Defendant "sold [him] out" to the State's Attorney's Office. (*Id*.).

---

[1]     Plaintiff states that Rosenberg did represent him in a separate criminal matter in the Circuit Court for Baltimore City, but seemingly complains that Defendant mistakenly led him to believe that if he pled guilty he would receive a five-year sentence.  (Paper No. 1 at 5).  Plaintiff in fact received a cumulative seventeen-year sentence. *See West v. Stouffer*, Civil Action No. RDB-04-223 (D. Md. 2004).

Because he appears indigent, Plaintiff's Request to Proceed In Forma Pauperis shall be granted. The Complaint, however, shall be denied for the failure to raise a claim of constitutional dimension.

The jurisdictional and threshold requirements of §1983 civil actions are that a substantial federal question be asserted and that the named defendants be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). A defense attorney, whether privately retained or court-appointed, represents only his client, not the state. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Thus, a defense attorney does not act "under color of" state law and is not amenable to suit under §1983. Consequently, Defendant is not subject to §1983 damage liability,[2] and Plaintiff's Complaint shall be dismissed without requiring an answer from Defendant.

Because Plaintiff's § 1983 Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. §1915(e).[3] Plaintiff is hereby notified that he

---

[2]    The cause of action also fails to meet the threshold requirements for filing a contract complaint under 28 U.S.C. § 1332 (diversity).

[3]    28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

may be barred from filing future suits in forma pauperis if he continues to file federal civil rights

actions that are subject to dismissal under §1915(e) or Rule 12(b)(6).[4]

A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).

/s/

Date: September 20, 2005                    _____

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4]        28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.